In the Matter of Charles L. CONLIN, aka Charles Lewis Conlin, Bankrupt.

Howard D. DAY, Appellant,

v.

Kal W. LINES, Trustee in Bankruptcy and Appellee.

No. 25497.

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1971.

Jack C. Hamson (argued), Ukiah, Cal., for appellant.

Burton I. Meyer (argued), of Glicksberg, Kushner & Goldberg, San Francisco, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and McNICHOLS, District Judge *.

## PER CURIAM:

This is an appeal from a turnover order entered by the Referee in Bankruptcy and confirmed by the District Court.

The bankrupt made a bulk sale transfer of a stock of goods to appellant, Day, in June, 1967 and on November 24, 1967 filed an involuntary petition in bankruptcy. Appellee, as Trustee in Bankruptcy, sought an order from the Referee directing the appellant to turn over the stock of goods to the Trustee. The order was resisted and a hearing on an order to show cause was held before the Referee. Initially, the Trustee claimed an illegal preference voidable under Section 60, sub. a of the Bankruptcy Act (11 U.S.C. § 96(a)) as being made within the four months preceding the filing in bankruptcy. At the hearing the Trustee abandoned the preference contention for the obvious reason that the transfer of property had occurred more than four months prior to the petition in bankruptcy. The Trustee then orally sought to amend his application for the turnover order to claim a violation of Section 6107 of the California Commercial Code covering bulk sales transfers. In this amendment the Trustee contended that the transferee (appellant herein) had failed to give the notice to creditors required by the Act. The Referee permitted the amendment and entered a finding of fact that no notice to creditors had been given by the transferee or any other person as required by the Commercial Code.

It was conceded at argument that there was no evidence in the record to support this finding.

The judgment entered was not based on a finding supported by the evidence and must be reversed.